UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL VENEGAS,<br><br>    Petitioner,<br><br>   v.<br><br>NICK DAWSON, et al.,<br><br>    Respondents. | 1:11-cv-00765-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM (Doc. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition, which was filed on May 11, 2011.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner alleges that he is an inmate of the Avenal State Prison at Avenal, California, serving a sentence of seven (7) years to life imposed by the Los Angeles County Superior Court for Petitioner's conviction in November 1979 of conspiracy to commit murder, first degree murder, discharge of a firearm into an inhabited dwelling, and assault with a deadly weapon. (Pet. 1.) Petitioner challenges the decision of the California

2

Board of Parole Hearings (BPH) made after a hearing held on May 6, 2009, finding Petitioner unsuitable for parole. (Pet. 4, 7-39.) Petitioner also challenges the decisions of the state courts that upheld the BPH's decision. (Pet. 7-8, 18-19.)

It appears from the allegations of the petition and the transcript of the hearing of May 6, 2009, submitted by Petitioner with his petition, that Petitioner reviewed his central file in advance of the hearing, attended the hearing, discussed numerous suitability factors with the commissioners of the BPH and testified under oath, and made a personal statement in favor of parole. (Pet. 46, 48, 53-98, 105-08.) Further, an attorney appeared at the hearing, acknowledged receipt of full documentation in advance of the hearing, and advocated on Petitioner's behalf, including making a statement to the BPH in favor of parole. (Pet. 46, 48, 52-53, 98-105.)

The attachments to the petition further demonstrate that Petitioner was present when the BPH gave a statement of the reasons for the BPH's decision to deny parole for three years, which was based on the conclusion that Petitioner posed a present risk of danger to society or a threat to public safety if released. (Pet. 109.) The BPH relied on the commitment offense, which included a gang action involving multiple victims in separate incidents, Petitioner's history of criminality and gang leadership, and Petitioner's minimization of his conduct. (Pet. 109-16.)

Accordingly, the Court notes that the undisputed record of the pertinent proceedings of the BPH shows that Petitioner had access to information before the hearing, attended the hearing

3

and had an opportunity to be heard, and received a statement of reasons for the decision.

Petitioner asks this Court to review whether there was some evidence to support the conclusion that Petitioner was unsuitable for parole because he posed a current threat of danger to the public if released. (Pet. 14, 18-19, 26-39.) Petitioner raises the following claims in the petition: 1) in concluding that Petitioner posed a danger, the BPH improperly relied on Petitioner's having participated in two murders that were never charged or proved (pet. 8); 2) the BPH improperly relied on the immutable facts of Petitioner's thirty-one-year-old crime and a fourteen-year-old rule violation report (pet. 8, 17); 3) the evidence actually demonstrated Petitioner's suitability for parole (pet. 9, 11-12); 4) the trial court illegally and unreasonably found that Petitioner was responsible for three people being killed (pet. 10); 5) the BPH improperly relied on a single 2007 psychology report that indicated that Petitioner presented a high risk of danger to society (pet. 14-17); and 6) state law created a liberty interest in parole that supported Petitioner's reasonable expectation of parole, and Petitioner's liberty interest was infringed by the BPH's decision (pet. 21-28).

II.  Failure to Allege a Claim Cognizable on Habeas Corpus

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

4

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

5

decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at 862-63.

Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this

6

Court's habeas review under 28 U.S.C. § 2254.

Although Petitioner may not be incorrect in claiming that he has a liberty interest in parole under the terms of California law, the Court in Swarthout determined that only minimal due process is due to one with Petitioner's alleged expectation of parole. Petitioner received all process that was due.

Further, Petitioner cites state law concerning the entitlement of a prisoner to parole and the appropriate weight to be given to evidence pertinent to parole suitability. To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

The Court notes that Petitioner does not allege that the procedures used for determination of his suitability for parole were deficient because of the absence of an opportunity to be heard or a statement of reasons for the ultimate decision reached. Further, Petitioner does not contradict the factual recitations and assertions that appear in the transcript of the parole proceedings and other documentation attached to the

petition. It is clear from the allegations in the petition and the transcript that Petitioner received documentation in advance of the hearing, attended the parole suitability hearing, made statements to the BPH, and received a statement of reasons for the decision of the BPH. Thus, Petitioner's own allegations establish that he had an opportunity to be heard and a statement of reasons for the decisions in question. It therefore does not appear that Petitioner could state a tenable due process claim.

Accordingly, the Court will recommend that the petition be dismissed without leave to amend because Petitioner's claims concerning the adequacy of the evidence to support the BPH's decision and the propriety of the BPH's weighing of the evidence do not state a violation of due process of law or other basis for habeas relief. Petitioner has not alleged facts that point to a real possibility of constitutional error or that would otherwise entitle Petitioner to habeas relief.[2]

III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a

---

[2] Because Petitioner's claim is not cognizable, the Court has not addressed whether Petitioner has named a proper respondent with day-to-day custody and control of Petitioner.

8

petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

///

IV. <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend because Petitioner has failed to state a due process claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because an order of dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

///
///
///

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 27, 2011**                                      /s/ Sheila K. Oberto
                                                                                       UNITED STATES MAGISTRATE JUDGE